

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:15CR 114
18 U.S.C. § 1344(2)
18 U.S.C. § 656

WILLIAM JOSEPH PULLEN

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### INTRODUCTION

At all times relevant to this Indictment:

1. Mechanics Bank was a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. From March 15, 2000 to April 30, 2014, defendant, WILLIAM JOSEPH PULLEN (hereinafter "PULLEN"), was employed as a vice president and loan officer by Mechanics Bank in Water Valley, Mississippi.

### THE SCHEME

3. Beginning on or about January 2009 until on or about April 2014, in the Northern District of Mississippi, WILLIAM JOSEPH PULLEN, defendant, knowingly executed and attempted to execute a scheme and artifice to defraud Mechanics Bank and to obtain the moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Mechanics Bank, a financial institution, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344(2).

1

4. The scheme to defraud had at least five (5) components including, but not limited to: (1) manipulating bank records and generating extensions of credit without the knowledge of the stated borrower and without the authorization of Mechanics Bank; (2) extending the terms of credit instruments to the benefit of certain borrowers without the authorization of Mechanics Bank; (3) issuing fraudulent letters of credit without authorization in the name of Mechanics Bank; (4) making deposits, withdrawals, interbank transfers and intrabank transfers without the knowledge of the account holders and without the authorization of Mechanics Bank; and (5) embezzling money from customer accounts at Mechanics Bank for his own personal benefit and without the knowledge of the customers and without authorization from Mechanics Bank.

**The following includes, but is not limited to, the parts of the scheme:**

5. On or about February 12, 2009, PULLEN generated Mechanics Bank Loan No. 235458 in the name of customer J.C. in the amount of $28,000 (hereinafter "J.C. Loan No. 1") and extended the payment due date of J.C. Loan No. 1 without authorization.

6. On or about October 11, 2011, without authorization and approval, PULLEN renewed J.C. Loan No. 1 and generated a new loan, Mechanics Bank loan number 284742, in the name of customer J.C. in the amount of $55,335 (hereinafter "J.C. Loan No. 2"). PULLEN extended the payment due date of J.C. Loan No. 2 without authorization and caused a number of fraudulent transactions without the knowledge of the bank customer, involving the proceeds of J.C. Loan No. 2.

7. On or about April 3, 2009, PULLEN generated Mechanics Bank Loan No. 238090 in the name of customer R.M.B. in the amount of $450,000 (hereinafter "R.M.B. Loan No. 1"). From on or about January 29, 2010 through July 29, 2013, without authorization and

approval, PULLEN extended the payment due date for R.M.B. Loan No. 1 on numerous occasions.

8. Without the authorization and approval of Mechanics Bank, PULLEN caused a number of fraudulent transactions without the knowledge of the bank customer, involving the proceeds of R.M.B. Loan No. 1, including, but not limited to the following:

    a. On or about August 20, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 011966 from R.M.B. Loan No. 1 in the amount of $25,000 and engaged in a series of unauthorized transactions including the purchase of a money order, cash withdrawals and related debits and credits at Renasant Bank in order to conceal the true nature of the unauthorized transactions. On or about August 26, 2013, PULLEN obtained approximately $5,000 in cash for his own personal benefit and use out of the $25,000 loan proceeds check.

    b. On or about August 27, 2013, PULLEN generated Mechanics Bank Check No. 012016 in the amount of $25,000 made payable to R.B., used the check to purchase Mechanics Bank Money Order No. 038170 in the amount of $15,000 made payable to R.B. and obtained a $10,000 cash withdrawal from Mechanics Bank.

    c. On or about August 28, 2013, PULLEN forged an endorsement on Money Order No. 038170 and deposited the Money Order into a Renasant Bank account in the name of R.B. PULLEN then purchased Renasant Bank Official Check No. 10232011, payable to Mechanics Bank, in the amount of $10,000 and obtained a $4,000 cash withdrawal from Renasant Bank.

    d. On or about September 3, 2013, PULLEN used Renasant Bank Official Check No. 10232011 to purchase a Mechanics Bank Money Order in the amount of $6,000 made payable to R.B. and obtained a $4,000 cash withdrawal from Mechanics Bank.

  e. PULLEN obtained approximately $6,000 in cash for his own personal benefit and use through the transactions described above in paragraphs 8b. – 8d.

  f. On or about September 16, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012125 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $25,000 and forged an endorsement on the check.

  g. On or about October 8, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012244 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $26,000 and forged an endorsement on the check. PULLEN then deposited $6,000 into a Renasant Bank account in the name of R.B. and purchased Renasant Bank Official Check No. 10232052 in the amount of $20,000. PULLEN then used Renasant Bank Official Check No. 10232052 to make a $20,000 payment on Mechanics Bank Loan No. 318051 in the name of a different customer, M.B.

  h. On or about October 23, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012318 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $10,000 and forged an endorsement on the check.

  i. On or about November 19, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012487 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $7,500 and forged an endorsement on the check.

  j. On or about November 22, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012523 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $8,500 and forged an endorsement on the check.

      k.      On or about December 3, 2013, PULLEN generated Mechanics Bank Loan Proceeds Check No. 012553 from R.M.B. Loan No. 1 made payable to R.B. in the amount of $5,500 and forged an endorsement on the check.

      9.      On or about May 10, 2013, without authorization and approval of Mechanics Bank, PULLEN generated a fraudulent letter of credit for the benefit of customer R.M.B. payable to Jimmy Sanders, Inc. and guaranteed by Mechanics Bank in the amount of $450,000.

      10.      On or about May 2, 2011, PULLEN generated Mechanics Bank Loan No. 276758 in the name of customer D.B. in the amount of $250,000 (hereinafter "D.B. Loan No. 1").

      11.      PULLEN caused a number of unauthorized transactions without the knowledge of the bank customer, involving the proceeds of D.B. Loan No. 1, including, but not limited to the following:

      a.      PULLEN generated a December 21, 2012 Mechanics Bank check in the amount of $30,000 made payable to Jimmy Sanders, Inc.

      b.      PULLEN generated a February 5, 2013 Mechanics Bank check in the amount of $10,000 made payable to D.B.

      c.      PULLEN caused a telephone transfer in the amount of $30,000, which was deposited into the Mechanics Bank account of M.B. (Account No. 60501610).

      12.      On or about May 7, 2013, without authorization and approval of Mechanics Bank, PULLEN renewed D.B. Loan No. 1 and generated a new loan, Mechanics Bank loan number 315990, in the name of customer D.B. in the amount of $350,000 (hereinafter "D.B. Loan No. 2"). On or about January 29, 2014 and February 7, 2014, without authorization and approval, PULLEN extended the payment due date for D.B. Loan No. 2.

13. On or about April 17, 2013, without authorization and approval of Mechanics Bank, PULLEN generated two fraudulent letters of credit for the benefit of customer M.B. payable to Jimmy Sanders, Inc. and guaranteed by Mechanics Bank in the amounts of $150,000 and $85,000, respectively.

14. PULLEN executed numerous unauthorized debits and credits involving the Mechanics Bank account of customer M.B (Account No. 60501610).

15. On or about July 15, 2013, PULLEN generated Mechanics Bank Loan No. 319813 in the name of customer J.B. in the amount of $57,600 (hereinafter "J.B. Loan No. 1") and caused a number of fraudulent transactions without the knowledge of the bank customer, involving the proceeds of J.B. Loan No. 1.

16. On or about August 27, 2013, PULLEN generated Mechanics Bank Loan No. 322903 in the name of customer J.B. in the amount of $33,318 (hereinafter "J.B. Loan No. 2"). PULLEN extended the payment due date of J.B. Loan No. 2 without authorization and caused a number of fraudulent transactions without the knowledge of the bank customer, involving the proceeds of J.B. Loan No. 2.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT TWO

1. The allegations contained in paragraphs 1 through 16 of Count One of this Indictment, are incorporated herein as though wholly set forth herein.

2. Beginning on or about August 2013 until on or about April 2014, in the Northern District of Mississippi, WILLIAM JOSEPH PULLEN, defendant, being a vice president and loan officer at Mechanics Bank in Water Valley, Mississippi, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), did knowingly

6

and intentionally embezzle, abstract, purloin and willfully misapply the moneys, funds and credits of Mechanics Bank and the moneys, funds, assets and securities entrusted to the custody and care of Mechanics Bank and its agents, officers and employees; that is, WILLIAM JOSEPH PULLEN embezzled approximately $20,000 from Mechanics Bank for his own personal benefit and use by causing a series of unauthorized transactions and extensions of credit involving customers of Mechanics Bank, all in violation of Title 18, United States Code, Section 656.

_____
UNITED STATES ATTORNEY

A TRUE BILL

/s/ Signature Redacted_____
FOREPERSON